UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

JAMES ALDERMAN, *individually and on behalf of himself and all others similarly situated*,

    Plaintiff,

v.

UNITED COLLECTION SERVICE, INC.
*a Florida Corporation,*

    Defendant.
_____/

## CLASS ACTION COMPLAINT

1. Plaintiff, James Alderman, individually and on behalf of all others similarly situated, alleges violations of the *Fair Debt Collection Practices Act*, *15 U.S.C. §1692 et seq.* ("*FDCPA*").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under *28 U.S.C. §1331*, and *15 U.S.C. §1692k*. Venue in this District is proper because Plaintiff resides here and Defendant conducts business in this District.

## PARTIES

3. Plaintiff, James Alderman ("Plaintiff"), is a natural person, and citizen of the State of Florida, residing in Indian River County, Florida.

4. Defendant, United Collection Service, Inc. ("Defendant"), is a Florida Corporation engaged in the business of collecting consumer debts, which operates from offices located at 106 Commerce Street, Suite 101, Lake Mary, Florida 32746.

5. Defendant regularly uses the United States Postal Service and telephone in the collection of consumer debt.

6. Defendant is licensed in the State of Florida as a consumer collection agency, license number CCA0900627.

7. Defendant regularly collects or attempts to collect debts for other parties. Defendant is a "debt collector" as defined in the *FDCPA*.

8. At all times material to the allegations of this complaint, Defendant was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

9. Defendant sought to collect from Plaintiff an alleged debt incurred by Plaintiff for personal, family, or household purposes; more specifically, the debt at issue was for transportation in an ambulance.

10. On December 12, 2016, Defendant's employee left a voice message on Plaintiff's telephone (the "Voice Message").

11. The Voice Message stated: "Hi good morning. This message is for James Alderman. James my name is Caesar. If you can please take a moment and return my phone call I need to speak to you in regard to services that were previously provided. You can reach me at 866-456-4827. I am at extension 1122. I do appreciate the call back as soon as possible."

12. The Voice Message did not identify that the call was from a debt collector, or the name of the corporate debt collector that employed "Caesar".

13. Phone number 866-456-4827 is associated with Defendant and "Caesar" was calling as an agent or employee of Defendant.

14. *15 U.S.C §1692e(11)* states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> xxxx
>
> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, **and the failure to disclose in subsequent communications that the communication is from a debt collector**, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

Emphasis added.

15. *15 U.S.C. §1692d(6)* states:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> xxxx
>
> (6) Except as provided in section *1692b* of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

16. Defendant's Voice Message omits that the Voice Message was from a debt collector in violation of *15 U.S.C. §1692e(11)*.

17. Defendant's Voice Message fails to provide meaningful disclosure of its identity in violation of *15 U.S.C. §1692d(6)*.

18. On or about November 18, 2016, Defendant sent a demand letter to Plaintiff that sought to collect an alleged debt due to AMERICAN AMBULANCE-CF(FALCK) (the "Demand Letter"), attached hereto as "Exhibit 1."

19. The Demand Letter was Defendant's initial communication with Plaintiff with respect to the debt alleged therein.

20. The Defendant's Demand Letter stated in part:

> IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL: OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION.

Emphasis in original.

21. Pursuant to *15 U.S.C. §1692g(a)* Defendant must provide Plaintiff with:

> Validation of debts.
>
> (a) Notice of debt; contents
>
> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing-
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;
>
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
>
> **(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and**
>
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

Emphasis added.

22. *15 U.S.C. §1692e(10)* states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> xxxx
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

23. Defendant's Demand Letter falsely and misleadingly pronounces the verification rights of Plaintiff provided by *15 U.S.C. § 1692g(a)(4)*. Defendant's statement "IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL: OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION." omits that the Plaintiff's written notification must dispute the debt or any portion thereof as stated in *15 U.S.C. §1692g(4)*.

24. In addition, Defendant's statement "IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL: OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION." is misleading and confusing as it is subject to more than one interpretation. Defendant's statement does not inform the Plaintiff of what he needs to "notify" Defendant's office of, i.e., that he needs to dispute the debt or any portion thereof, as opposed to, for example, writing to notify the Defendant that the Plaintiff cannot afford to make any payment on the debt.

25. Any potential *bona fide* error defense which relies upon Defendant's mistaken interpretation of the legal duties imposed upon it by the *FDCPA* would fail as a matter of law.

## CLASS ACTION ALLEGATIONS
## AS TO DEFENDANT

26. This action is brought on behalf of a Class consisting of (i) all persons with addresses in the State of Florida (ii) to whom initial communication letters that contained the language: "IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL:  OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION." (iii) were mailed, or caused to be mailed by the Defendant (iv) that were not returned undeliverable by the U.S. Post Office (v) in an attempt to collect a debt incurred for personal, family, or household purposes (vi) during the one-year period prior to the filing of the Complaint in this action through the date of certification.

27. Plaintiff alleges on information and belief based upon the Defendant's use of the phrase: "IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL:  OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION." in its initial communication letters mailed or caused to be mailed to the Class is so numerous that joinder of all members of the Class is impractical.

28. There are questions of law or fact common to the Class, which common issues predominate over any issues involving only individual Class members. The factual issue common to each Class member is that each was mailed or caused to be mailed an initial communication letter by Defendant that contained the phrase: "IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL:  OBTAIN

VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION." The common principal legal issue is whether Defendant's wording violated the *FDCPA* by misleading the least sophisticated consumer to believe that they were being given the correct validation notice required by *15 U.S.C. §1692g(a)(4)* after an "initial communication" by a debt collector.

29. Plaintiff's claims are typical of those of the Class members. All are based on the same facts and legal theories.

30. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel experienced in handling actions involving unlawful practices under the *FDCPA* and Class actions. Neither Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue this action.

31. Certification of the Class under *Rule 23(b)(3)* of the *Federal Rules of Civil Procedure* is also appropriate in that:

> (1) The questions of law or fact common to the members of the class predominate over any questions affecting an individual member.
>
> (2) A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

32. Plaintiff requests certification of a Class under *Rule 23(b)(3),* of the *Federal Rules of Civil Procedure*, for monetary damages; Plaintiff's appointment as Class Representative; and that Plaintiff's attorney, Leo W. Desmond, be appointed Class Counsel.

## COUNT I
## INDIVIDUAL CLAIM
## VIOLATION OF *15 U.S.C. §1692e(11)*

33. Plaintiff re-alleges Paragraphs 1 through 25.

34. *15 U.S.C. §1692e(11)* states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> xxxx
>
> (11) The failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, **and the failure to disclose in subsequent communications that the communication is from a debt collector**, except that this paragraph shall not apply to a formal pleading made in connection with a legal action.

Emphasis added.

35. Defendant left at least one voice message for Plaintiff in an attempt to collect a consumer debt.

36. The Voice Message omitted to state that the call was from a debt collector and did not identify the name of the debt collector entity.

37. Defendant's failure to identify in the Voice Message that it was a debt collector is a violation of *15 U.S.C. §1692e(11).*

38. The Voice Message would be confusing and misleading to the least sophisticated consumer with regard to his/her legal rights.

39. As a result of Defendant's conduct, Plaintiff is entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k.*

40. As a result of Defendant's conduct, Plaintiff is entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. §1692k*.

## COUNT II
## INDIVIDUAL CLAIM
## VIOLATION OF *15 U.S.C. §1692d(6)*

41. Plaintiff re-alleges Paragraphs 1 through 25 and 34 through 38.

42. *15 U.S.C. §1692d(6)* states:

> A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> xxxx
>
> (6) Except as provided in section *1692b* of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

43. Defendant placed at least one telephone call to Plaintiff and left at least one voice message on Plaintiff's telephone in an attempt to collect a consumer debt.

44. The Voice Message did not provide meaningful disclosure of the caller's identity, i.e., that the call was from a debt collector or the name of the debt collector entity.

45. Defendant's failure to provide meaningful disclosure of its identity in the Voice Message is a violation of *15 U.S.C. §1692d(6)*.

46. As a result of Defendant's conduct, Plaintiff is entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k*.

47. As a result of Defendant's conduct, Plaintiff is entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. §1692k*.

## COUNT III

## CLASS CLAIM
## VIOLATION OF *15 U.S.C. § 1692g(a)(4)*

48. Plaintiff re-alleges Paragraphs 1 through 25.

49. *15 U.S.C. §1692g(a)(4)* states after an initial communication the Defendant must provide Plaintiff with:

> (4) [A] a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

50. Defendant mailed or caused to be mailed the Demand Letter to Plaintiff on behalf of Plaintiff's creditor in an attempt to collect a consumer debt, namely to collect alleged debts related to personal transportation in an ambulance.

51. By claiming to have given Plaintiff the information required by the *FDCPA*, Defendant has attempted to mislead Plaintiff and the Class into believing that each Demand Letter contained the proper validation notice required under the *Fair Debt Collection Practices Act*.

52. Defendant's Demand Letter omitted that the Plaintiff, in order to receive the benefits provided by *15 U.S.C. §1692g(a)(4)*, must specifically dispute the debt or any portion thereof in writing.

53. Defendant's statement in the Demand Letter only states that the Plaintiff needs to "notify" Defendant's office in writing, however it does not inform the Plaintiff of what he needs to "notify" Defendant's office of, i.e., that the Plaintiff needs to dispute the debt, or any portion of the debt, to receive verification of the debt or a copy of a judgment if one exists.

54. Defendant's statement "IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL: OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION." could mislead the least sophisticated consumer to believe that he or she could notify Defendant's office in writing of their inability to pay the debt or to request a payment plan and the Defendant would send the consumer verification of the debt pursuant to the statute, and, while not stated, invoke the protections afforded to consumers by *15 U.S.C. §1692g(b)*.

55. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k*.

56. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of costs and attorney fees pursuant to *15 U.S.C. §1692k*.

### COUNT IV
### CLASS CLAIM
### VIOLATION OF *15 U.S.C. § 1692e*

57. Plaintiff re-alleges Paragraphs 1 through 25 and 49 through 54.

58. *15 U.S.C. §1692e* states:

> A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:
>
> xxxx
>
> (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

59. Defendant sent the Demand Letter to Plaintiff on behalf of Plaintiff's creditor in an attempt to collect a consumer debt.

11

60. By claiming to have given Plaintiff the information required by the *FDCPA*, Defendant has attempted to mislead Plaintiff and the Class into believing that the Demand Letter contained the proper validation notice required under *15 U.S.C. §1692g(a)(4)*.

61. Defendant's Demand Letter omits that the consumer Plaintiff must dispute the debt, or any portion of the debt, in writing despite the clear wording of *15 U.S.C. §1692g(a)(4)*.

62. Defendant's Demand Letter contains a misstatement of *15 U.S.C. §1692g(a)(4)* that would be confusing and misleading to the least sophisticated consumer with regard to his/her legal rights as it omits that the Plaintiff and the Class must dispute the debt, or any portion thereof, in writing in order to receive verification of the debt, as well as the protections available pursuant to *15 U.S.C. §1692g(b)*.

63. The Demand Letter only states that the Plaintiff needs to "notify" Defendant's office in writing, however it does not inform the Plaintiff of what he needs to "notify" Defendant's office of, i.e., that the consumer needs to dispute the debt, or any portion thereof, to receive verification of the debt or a copy of a judgment if one exists.

64. Defendant's statement "IF YOU NOTIFY THIS OFFICE IN WRITING WITHIN 30 DAYS FROM RECEIVING THIS NOTICE, THIS OFFICE WILL:  OBTAIN VERIFICATION OF THE DEBT OR OBTAIN A COPY OF A JUDGMENT AND MAIL YOU A COPY OF SUCH JUDGMENT OR VERIFICATION." could mislead the least sophisticated consumer to believe that he or she could "notify" Defendant's office in writing of their inability to pay the debt or to request a payment plan and the Defendant would send the consumer verification of the debt.  Defendant's statement is susceptible to more than one interpretation.

65. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of statutory damages pursuant to *15 U.S.C. §1692k*.

66. As a result of Defendant's conduct, Plaintiff and the Class are entitled to an award of costs and attorney's fees pursuant to *15 U.S.C. §1692k*.

**WHEREFORE**, Plaintiff requests that the Court enter judgment in his favor against Defendant for:

a. An Order certifying this matter as a Class action and appointment of James Alderman as Class Representative as to all Class claims against Defendant;

b. An Order appointing Leo W. Desmond as Class Counsel;

c. An award of statutory damages for Plaintiff and the Class pursuant to *15 U.S.C. §1692k*;

d. An award of attorney's fees, litigation expenses and costs of the instant suit; and

e. Such other or further relief as the Court deems proper.

Dated: April 5 2017.

                                        Respectfully submitted,

                                        */s/ Leo W. Desmond*
                                        Leo W. Desmond, Esquire
                                        Florida Bar Number 0041920
                                        DESMOND LAW FIRM, P.C.
                                        5070 Highway A1A, Suite D
                                        Vero Beach, Florida 32963
                                        Telephone: 772.231.9600
                                        Facsimile:   772.231.0300
                                        lwd@desmondlawfirm.com
                                        *Attorney for Plaintiff*